947 So.2d 458 (2006)
F.H., a juvenile, Petitioner,
v.
Dale DOBULER, Superintendent Miami-Dade Regional Juvenile Detention Center and the State of Florida, Respondents.
No. 3D06-2234.
District Court of Appeal of Florida, Third District.
September 14, 2006.
*459 Bennett H. Brummer, Public Defender, and John Eddy Morrison, Assistant Public Defender, for petitioner.
Charles J. Crist, Jr., Attorney General, and Angel L. Fleming, Assistant Attorney General, for respondents.
Before RAMIREZ, WELLS, and CORTIÑAS, JJ.
WELLS, Judge.
F.H. petitions for a writ or habeas corpus seeking release from secure detention following commitment and pending placement in a high-risk residential program. The State argued below, and the trial court apparently agreed, that section 985.215(10)(c) of the Florida Statutes permits a child to be held in secure detention without meeting statutory detention criteria. In J.W. v. Leitner, 801 So.2d 295, 296 (Fla. 2d DCA 2001), the Second District Court of Appeal rejected this argument, stating:
The State argues that section 985.215(10)(c), Florida Statutes (2001), governs the detention of children awaiting placement in a high-risk residential program and authorizes secure detention regardless of whether the child meets detention criteria. We disagree. Section 985.215(10)(c) reads: "If a child is committed to a high-risk residential program, the child must be held in detention care until placement or commitment is accomplished." (Emphasis added.) "Detention care" is not synonymous with "secure detention." See § 985.03(19) (defining three types of detention care, one of which is secure detention). Thus, section 985.215(10)(c), by its terms alone, does not mandate or even authorize secure detention. We reach our conclusion that secure detention may only be utilized if detention criteria are met by reading subsection (10)(c) within the context of other subsection (10) provisions.
We agree with this assessment. Apparently so does the State which responds to the instant petition by arguing only that a more restrictive placement than that indicated by F.H.'s risk assessment may be ordered under section 985.215(2)(j), Florida Statutes (2005), which provides for such a deviation when: "the court shall state, in writing, clear and convincing reasons for such placement." § 985.215(2)(j), Fla. Stat. (2005).
On the State's concession that no written order has been provided, and its reliance on only section 985.215(2)(j) as supporting the temporary placement at issue, we grant the petition for writ of habeas corpus and order the trial court to either enter a written order in accordance with section 985.215(2)(j) or order F.H.'s release from secure detention to an appropriate level of detention, by 5:00 p.m. on the second business day following the date *460 of this opinion. See D.B. v. State, 848 So.2d 1219, 1219-20 (Fla. 3d DCA 2003) (where trial court failed to state any clear and convincing reasons for a more restrictive placement than that indicated by the risk assessment that "[t]he court may revisit the issue if there is a basis to do so").
This opinion shall take effect immediately notwithstanding the filing of any motion for rehearing.
Petition granted.