PER CURIAM.
S.W. petitions for a writ of habeas corpus seeking release from secure detention, following commitment to the Department of Juvenile Justice, while she awaits placement in a high-risk residential program. We grant the petition.
S.W. was on nonsecure home detention after she was found guilty of petty theft, a first degree misdemeanor, and admitted violating her probation in two other cases, each of which also involved one first degree misdemeanor. Following a disposition hearing, the trial court committed her to a level 8 program and ordered that she be held in secure detention pending her placement in the high risk program.
S.W. seeks habeas corpus relief from her secure detention. Her risk assessment instrument reflects zero points, where twelve or more points are required for secure detention. No written reasons were given by the trial court for ordering the more restrictive placement.
Habeas corpus lies to order the release of one illegally detained in violation of the risk assessment requirements, the detention statutes, and case law. T.B. v. State, 897 So.2d 530 (Fla. 4th DCA 2005).
Generally, decisions regarding whether to place a child in detention care must be based on a risk assessment of the child. § 985.245(1), Fla. Stat. (2007). A court may order a more restrictive placement, but if it does, “the court shall state, in writing, clear and convincing reasons for such placement.” § 985.255(3)(b).
Children who are awaiting placement in a commitment program are required to be placed in some kind of detention care. § 985.27(1). “If the child is committed to a high-risk residential program, the child must be held in detention care until placement or commitment is accomplished.” § 985.27(l)(c).
“Detention care” means “the temporary care of a child in secure, nonsecure, or home detention, pending a court adjudication or disposition or execution of a court order.” § 895.05(18). It does not necessarily mean “secure” detention. Even children who have been adjudicated and are awaiting placement cannot be held in secure detention without a showing that the child meets the detention criteria. F.H. v. Dobuler, 947 So.2d 458 (Fla. 3d DCA 2006); J.W. v. Leitner, 801 So.2d 295, 296 (Fla. 2d DCA 2001).
The State agrees that S.W. did not meet the criteria for secure detention on her risk assessment instrument, and that the trial court did not provide written reasons for a more restrictive placement. It asks this court to remand for the trial court to render a written order in accordance with section 985.255.
*175 We decline to remand for such purpose, but instead order that S.W. be released immediately from secure detention and returned to nonsecure home -detention. J.W. v. Leitner, 801 So.2d 295, 296 (Fla. 2d DCA 2001) (ordering the petitioner released from secure detention-but, because the statute required detention care pending placement, directing that he be placed in less restrictive detention care); N.S. v. Flowers, 963 So.2d 310 (Fla. 4th DCA 2007) (requiring the petitioner’s immediate release from secure detention). As we provided in N.S., the trial court may revisit the issue and enter written findings supporting continued secure detention if it finds there is a basis to do so. But see F.H. v. Dobuler, 947 So.2d 458 (Fla. 3d DCA 2006) (granting petition for writ of habeas corpus and ordering trial court to either enter written order in accordance with (former) section 985.215(2)(j) or order petitioner’s release from secure detention to an appropriate level of detention, by 5:00 p.m. on the second business day following the date of opinion).

Petition Granted.

SHAHOOD, C.J., GROSS and TAYLOR, JJ., concur.